IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS GARCIA JR.,

       Petitioner,

vs.                                   No. CIV-11-543 MV/ACT

MANUAL PACHECO,

       Respondent.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION [1]

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed June 20, 2011. [Doc. 1.] This matter was referred to the undersigned United States Magistrate Judge by the Honorable Martha Vasquez, United States District Judge, on December 12, 2011, to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3) [Doc. 14].

2. Petitioner Carlos Garcia ("Mr. Garcia") is currently in the custody of Respondent Manual Pacheco and is confined in Santa Fe County at the South Penitentiary of New Mexico.

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[*Id.*] Mr. Pacheco, proceeding without counsel, challenges the judgment and sentence of the Third Judicial District Court in <u>State of New Mexico v. Carlos Garcia Jr.</u>, No. CR-2000-0149 (Dona Ana County, New Mexico).

  3. Mr. Garcia raises one ground for relief - ineffective assistance of counsel - based on five different grounds.  He asserts that his counsel (1) neglected to argue an insanity defense at trial; (2) did not timely advise the Petitioner and his family that they would be responsible for the costs of an expert witness on the mental health issues; (3) did not advise Petitioner or his family that other public funds might be available to pay for the expert witness on mental health issues; and (4) did not "[make] an effort to seek relief from the court." [Doc. 1 at p. 5.] As a fifth basis Petitioner asserts that there is newly discovered evidence to support a claim of not guilty by reason of insanity that he was unable to assert based on ineffective trial counsel. [*Id.* at p. 6.]

  4. On September 12, 2011 Respondent filed an Answer [Doc. 12] requesting that the Petition be denied and dismissed with prejudice as time barred.

  5. On October 26, 2011, Petitioner filed a "Reply Brief" addressing the Respondents' position that his Petition is time barred. [Doc. 13.]

Procedural Background

  6. On January 21, 2005, the state court entered a guilty verdict after a jury convicted Petitioner of two counts of Murder in the First Degree, Conspiracy to Commit Murder in the First Degree, Armed Robbery, Conspiracy to Commit Armed Robbery, two counts of Kidnaping in the First Degree, three counts of Tampering with Evidence, Arson, and Conspiracy to Commit Tampering with Evidence.  Mr. Garcia was sentenced to a total term of two (2) consecutive life sentences to be followed by fifty-five (55) years in the custody of the New Mexico Corrections Department to be followed by two (2) years on parole. [Doc. 12-1, Ex. A.]

7. On March 28, 2005, Petitioner filed a Notice of Appeal to the New Mexico Supreme Court. [Doc. 12-1, Ex. B.]

8. On January 24, 2007, the trial attorney for the Petitioner filed a Statement of the Issues with the New Mexico Supreme Court. [Doc. 12-1, Ex. C.]

9. On June 13, 2008, Petitioner's Appellate counsel filed Mr. Garcia's Brief in Chief. [Doc. 12-1, Ex. E.]  The Petitioner's grounds for appeal were ineffective assistance of counsel for (1) failure to raise the insanity defense; (2) failing to provide a psychiatric expert and failure to seek funds from the Public Defender's Office for the expert; and (3) failure to obtain the live testimony of a potentially exculpatory witness.  Petitioner also asserted that his confession was involuntary on the grounds that he was insane at the time and requested that the court vacate his conviction in light of the involuntary nature of his conviction.

10. On October 6, 2008 the State of New Mexico filed its Answer Brief with the New Mexico Supreme Court. [Doc. 12-2, Ex. F.]

11. On October 30, 2008, Petitioner filed his Reply brief with the New Mexico Supreme Court . [Doc. 12-2, Ex. G.]

12. On February 18, 2009, the New Mexico Supreme Court issued its decision. [Doc. 12-2, Ex. H.]  The Supreme Court addressed the ineffective assistance of counsel claims, which Mr. Garcia raises in his federal writ of habeas corpus, as discussed below. [2]

13. Mr. Garcia's first ineffective assistance of counsel argument is that his lawyer failed to present the insanity defense and obtain funding for experts regarding that defense.  The Supreme Court stated that Mr. Garcia's "mental state was a central factor in the extensive pre-

---

[2]The Court will not summarize the other claims raised by Mr. Garcia in his direct appeal as they are not raised before this court.

trial history of this case, during which [he] was represented by four separate attorneys." Shortly after the killings, Mr. Garcia was evaluated by Dr. Thomas Calvin Thompson, who concluded that Mr. Garcia was "floridly psychotic" at the time of the evaluation. [*Id.* at p. 3.] Mr. Garcia was deemed unfit to stand trial. Almost a year later, when he was found competent to stand trial, Mr. Garcia asserted that he would pursue an insanity defense. Dr. Thompson concluded in a later evaluation that "there would have been an extremely high probability that [Mr. Garcia] was quite psychotic at the time of the alleged crimes[,]" but that he needed "further information" to definitely make this determination. [*Id.* at pp. 3-4]. When Mr. Garcia's second court appointed attorney made little progress in securing expert opinions on Mr. Garcia's mental state he was removed. The trial court stated that the insanity defense was "a unique defense, a difficult defense to present, important defense to present. . . and it has to be presented." [*Id.* at p. 4.] After a third court-appointed lawyer failed to meet Mr. Garcia's family's expectation, they hired a private attorney. [*Id.* ]

    14. The case was finally heard five years after the crimes were committed and Mr. Garcia's lawyer did not present the insanity defense. Mr. Garcia's lawyer represented to the trial court that he met with his client's family and spoke with his client and Mr. Garcia's family did not have the means to pay for an expert and they decided to proceed without the insanity defense. [*Id.* at pp 5-6.]

    15. The Supreme Court agreed with the State that defense counsel's failure to approach the trial court or the Public Defender Department for funding was not ineffective based on state law in effect at the time. [*Id.* at p. 7, discussing case law.] With regard to the second ineffective assistance of counsel claim, specifically that his counsel should have advised Defendant of the availability of funding through the Public Defender Department and then withdrawn as counsel,

the Supreme Court noted it was not presented with sufficient details of the circumstances under which the decision not to present the insanity defense was made. [*Id.* at pp. 9-10.] The Supreme Court also noted there was insufficient evidence to determine whether Mr. Garcia was prejudiced by the lack of an insanity defense.  For example, the Supreme Court noted that "there is little direct evidence of the strength of his insanity defense as it would have been presented at trial."  [*Id.* at p. 9.]   Further, there was no direct evidence showing how Mr. Garcia's experts would have testified at trial. [*Id.* at p.11.]  The Court therefore could not balance the evidence to determine whether the case's outcome would have been affected by the insanity defense. The Supreme Court held that if Mr. Garcia "is able to develop more evidence, he may petition the trial court for a writ of habeas corpus."  [*Id.* at p.11.]

16.  Mr. Garcia's second ineffective assistance of counsel claim is based on his counsel's failure to secure a potentially exculpatory witness, a cousin of one of the victims.  The Supreme Court held that counsel's assistance was not ineffective in failing to secure this witness's testimony.  There was no evidence that the cousin could be found, and if found if he would have been willing to testify: "as both the State and Defendant suggested at trial, the victims' families had become unwilling to assist Defendant. "  [*Id.* at p. 13.].  Finally the Supreme Court noted that even if the cousin had testified as described, "it is difficult to imagine how his testimony would have changed the trial's outcome. . . [as] [t]here was ample evidence that Defendant committed the murders." [*Id.*]

17.  Mr. Garcia's third ineffective assistance of counsel claim is that his counsel failed to secure other potentially exculpatory witnesses.  As with his first ineffective assistance of counsel claim, the New Mexico Supreme Court held that Mr. Garcia did not carry his burden of demonstrating ineffective assistance and "essentially admits that he made no such showing . . .

[but] if sufficient facts do develop, Defendant may bring a habeas corpus petition to test his argument." [*Id.* at p. 15.]

18. On March 10, 2009, the New Mexico Supreme Court remanded the case for further proceedings. [Doc. 12-2, Ex. I.]

19. On January 19, 2010 the Petitioner filed his Petition for Writ of Habeas Corpus with the State Court. [Doc. 12-3, Ex. J.]

20. On March 8, 2010, the State Court filed its Order Summarily Dismissing Petition for Writ of Habeas Corpus. [Doc. 12-3, Ex. K.]   The Court addressed each of Mr. Garcia's arguments and ruled as follows.

> (a) Mr. Garcia's claim of ineffective assistance of counsel based on counsel's failure to help him obtain expert witnesses to testify at trial that Mr. Garcia was insane at the time of the crimes fails because Mr. Garcia failed to establish that (i) "he suffered from a longstanding mental disease that both substantially affected his mental processes and substantially impaired his behavior controls" and therefore (ii) did not make "the necessary showing of resulting prejudice due to counsel's alleged failure to support a claim of ineffective assistance of counsel."  Nor did he show "a reasonable probability that the outcome would have been different had counsel's alleged failures not occurred." [Doc. 12-3, Ex. K at pp. 1-2.]
>
> (b) Mr. Garcia's claim that counsel was ineffective for failing to file a motion to dismiss on speedy grounds fails because it should have been raised on appeal and may not be brought in a post-conviction proceeding. [*Id.* at p.2.]

(c)	Mr. Garcia argues that the trial court improperly allowed introduction of his incriminating statement at trial. The trial court stated that the New Mexico Supreme Court's decision filed on February 18, 2009, held that the trial court did not err in admitting his statement at trial. "Matters which were raised and decided against a defendant in direct appeal will not be reviewed in a post-conviction proceeding." [*Id*. at p. 2.]

(d)	Mr. Garcia's claim that his counsel was ineffective for failing to call his co-defendant Esteban Calderon fails because Mr. Garcia did not state what Mr. Calderon's testimony would have been or how it would have affected the outcome of his trial. Mr. Garcia has therefore "not made the necessary showing of resulting prejudice due to counsel's alleged failure to support a claim of ineffective assistance of counsel." [*Id.*] "Nor has he shown a reasonable probability that the outcome would have been different had counsel's alleged failures not occurred." [*Id.* at pp. 2-3.]

(e)	Mr. Garcia's claimed that there was a conflict of interest because the District Attorney was married to the chief police investigator in his case. This issue was raised prior to trial and the Supreme Court affirmed this ruling. Again, "matters which were raised and decided against a defendant in direct appeal will not be reviewed in a post-conviction proceeding." [*Id.* at p.3.]

(f)	Mr. Garcia also claimed that the trial court made various other evidentiary rulings at trial. "These claims are evidentiary objections that may be raised only on direct appeal and cannot properly be raised in a post-

       conviction proceeding." [*Id.*]

(g)     Mr. Garcia also claims that counsel was ineffective for failing to interview witnesses. He did not identify the witnesses that counsel failed to call, what their testimony would have been, or how their testimony would have changed the outcome fo the trial. "Again, the Defendant has not made the necessary showing of resulting prejudice due to failure . . . [n]or has he shown a reasonable probability that the outcome would have been different had counsel's alleged failures not occurred." [*Id.* at pp. 4-5.]

(h)     Mr. Garcia claims that a witness, Vicente Obergon, was coerced into testifying against the defendant by the State. The state court held that "[c]redibility of witnesses is an issue for the jury to decide." [*Id.*]

(I)     Finally, Mr. Garcia claim that Judge Cano Garcia's medication "could have adversely affected the decisions she made at trial." Mr. Garcia did not "specifically identify and [sic] way he was prejudiced by Judge Cano Garcia's action at his trial." [*Id.* at p.5.]

21. On April 9, 2010 the Petitioner filed a Petition for Writ of Certiorari to the New Mexico Supreme Court. [Doc. 12-4, Ex. M.]

22. On May 26, 2010, the Respondents filed their Response to Petition for Writ of Certiorari. [Doc. 12-5, Ex. N.]

23. On June 3, 2010, the New Supreme Court denied the Petition for Writ of Certiorari. [Doc. 12-5, Ex. O.]

Analysis

24. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), amended federal habeas corpus procedure by adding a one-year limitations period for § 2254 petitions. The AEDPA became effective on April 24, 1996. Prisoners whose conviction became final before AEDPA took effect, are given one year after AEDPA's effective date, that is, until April 24, 1997 to file a federal habeas petition. *Hoggro v. Boone*, 150 F.3d 1223 (10th Cir. 1998).

25. In this case, the Mr. Garcia's case became final for purposes of his federal habeas corpus procedure on February 8, 2009, following the issuance of the decision from the New Mexico Supreme Court on his direct appeal. [Doc. 12-2, Ex. H.] Following the decision on his direct appeal, Mr. Garcia had ninety (90) days to file a petition for writ of certiorari to the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *Harris v. Dinwiddie*, 642 F.3d 902, 907 ftn.6 (10th Cir. 2011). He did not file a petition for writ of certiorari and thus his federal statute of limitation began to run on Saturday, May 9, 2009, or the next business day, Monday, May 11, 2009.

26. Pursuant to 28 U.S.C. § 2244(d)(1), Mr. Garcia had one year from May 11, 2009, or until Tuesday, May 11, 2010, to file a federal habeas corpus petition or other applications for post-conviction relief. Any filing would toll the statute of limitations. 28 U.S.C. § 2244(d)(2).

27. Mr. Garcia did not file any petition in state or federal court until January 19, 2010, when he filed Petition for Writ of Habeas Corpus with the state court. [Doc. 12-3, Ex. J.] The time lapse from May 11, 2009 until the filing of his state habeas petition on January 19, 2010 is eight months and eight days, or two hundred fifty-three (253) days. This period of time left Mr. Garcia with one hundred and twelve (112) days remaining in the one year time limitation once

the limitations period began to run again.

28. The filing of his state habeas corpus petition tolled the running of the statute of limitations.   28 U.S.C. § 2244(d)(2).

29. Mr. Garcia's state habeas corpus petition was denied on March 8, 2010 [Doc. 12-3, Ex. K] and Petitioner filed a petition for writ of certiorari to the New Mexico Supreme Court on April 9, 2010.   Following a Response from the State [Doc. 12, at p. 8], the petition was denied by Order dated June 3, 2010 [Doc. 12-5, Ex. O].

30. Following the denial of Mr. Garcia's petition by the New Mexico Supreme Court, Mr. Garcia's statute of limitation was tolled for fifteen (15) days because he had that amount of time to file a motion for a rehearing.  NMRA, Rule 12-404 (2011);  *Serrano v. Williams*, 383 F.3d 1181 (10th Cir. 2004).

31. Mr. Garcia's statute of limitation began running again on June 18, 2010.  At this point, as noted above, he had 112 days remaining on his statute of limitations.

32. Mr. Garcia filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus more than a year later on June 20, 2011.  His Petition is therefore time barred by two hundred and fifty six days and is subject to dismissal.

33. Following the Respondents' Answer to Mr. Garcia's Petition, Mr. Garcia filed a "Reply Brief" addressing his failure to file his Writ of Habeas Corpus within the statute of limitations. [Doc. 13.]   He apologizes for the time lapse and argues that he was difficult for him to understand the criminal procedure and the court proceeding.  He claims, inaccurately (see facts discussed above), that he had been found incompetent to stand trial.  He argues that it should be unconstitutional for a petition to be denied for reasons of a time limitation.

34. In an abundance of caution, the Court will take this as urging equitable tolling of the

limitations period. The AEDPA's "statutory limitations period may be tolled for equitable reasons." *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010). Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008)(*quoting Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194 (2001).

    35. Mr. Garcia has failed to demonstrate that he diligently pursued his claims or that the failure to timely file his federal Writ of Habeas Corpus was caused by extraordinary circumstances beyond his control. He represented himself in his state habeas procedures in a timely and adequate fashion. He has given no indication of any efforts he made to gain information regarding the parameter of his rights to file a writ of habeas corpus with the federal courts following the conclusion of his efforts for post conviction relief state court. He simply states that it is "difficult to obtain legal access" and "nearly impossible to get legal assistance." [Doc. 13 at p. 1.] He must "allege with specificity the steps he took to diligently pursue his federal claims' in order to meet the diligence requirement associated with equitable tolling." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir.2008) (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) (finding petitioner "provided no specificity regarding the alleged ... steps he took to diligently pursue his federal [habeas] claim" and concluding that petitioner "simply did not know about the [one-year] limitation"); *Banks v. Trani,* 2010 WL 1511400, 3 (10th Cir. 2010)(unpublished.)

    36. Mr. Garcia failed to do this and he therefore is not entitled to equitable tolling of the one-year limitations period.

Recommended Disposition

37. The Court recommends that Mr. Garcia's § 2254 petition be denied because his claims are time-barred and that his matter, in its entirety, be dismissed with prejudice.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE